IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TIMOTHY W. HATTER, #1173445,**

    Petitioner,

v.                                                 Civil Action No. 2:18cv612

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Timothy W. Hatter ("Petitioner" or "Hatter") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pet. (ECF No. 1). The Circuit Court of the City of Virginia Beach convicted Hatter of malicious wounding and two counts of contempt of court on February 8, 2011. Sentencing Order, Commonwealth v. Hatter, No. CR10-1367 (Va. Beach Cir. Ct. Nov. 8, 2011) (ECF No. 14-1); Pet. 1. The court sentenced Hatter to 20 years, with 8 years suspended on the malicious wounding count and 10 days for each count of contempt of court. Sentencing Order; Pet. 1. Hatter's habeas petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation. Because Hatter's petition is time-barred, and he has not shown any basis to toll

1

the statute of limitations or excuse his untimely filing, the undersigned recommends that the court dismiss the petition.

## I. STATEMENT OF THE CASE

This petition arises out of Hatter's conviction and sentence in the Circuit Court of the City of Virginia Beach. Petitioner alleges his trial attorney "coerced and badgered" Petitioner into pleading guilty and into "tak[ing] a plea deal." Pet. 18. Hatter states he "only took the [plea] deal after his [trial] attorney told [Hatter] that she had spoken with his mother and that his mother had also encouraged [Hatter] to take the five (5) year deal." Id. His petition alleges that he later learned an agreed-upon sentence was not part of his plea agreement, and that his trial attorney never spoke with his mother. He then requested and received a different attorney for the sentencing hearing. Id. at 19. Hatter also allegedly requested a new sentencing judge, arguing the judge could not be impartial at sentencing because Hatter received two contempt of court charges after "cursing out the [trial] judge and his trial attorney." Pet'r's Reply 3 (ECF No. 16).

Hatter's sentencing attorney filed two motions before the sentencing hearing: (1) a motion to withdraw Petitioner's guilty plea, and (2) a motion requesting the trial judge recuse herself for the sentencing hearing. Id. Both motions were denied. Id. Hatter was sentenced on November 8, 2011, to 20 years with 8 years

2

suspended and 10 days each for each count of contempt. Sentencing Order; Pet. 1. Hatter states he then requested his sentencing attorney file a direct appeal because Hatter had been "tricked into making a guilty plea by his trial attorney." Pet. 18. Hatter's sentencing attorney advised Hatter he possessed no right to a direct appeal because Hatter pleaded guilty. Id. Hatter states he believed his sentencing attorney regarding his inability to file a direct appeal and therefore no direct appeal was ever filed. Id. at 19.

Hatter served the first portion of his sentence at Wallens Ridge Correctional Center ("Wallens Ridge"), where he claims to have had limited access to conduct legal research. Pet'r's Reply 1. He argues his lack of legal knowledge, "3.2 learning average," and lack of access to legal research prevented him from being able to learn of the factual predicate underlying his right to appeal until his move to Lawrenceville Correctional Center ("Lawrenceville"). Id. at 1-2.

He states he did not encounter anyone who advised him he possessed a right to appeal his 2011 conviction until his transfer to Lawrenceville in February 2018, after that right had already expired. Id. at 3; Pet. 13. After learning of his right to file a direct appeal and relevant case law from fellow inmates at Lawrenceville, Hatter conducted his own legal research and filed a Petition for Writ of Habeas Corpus with the Virginia Supreme

3

Court on May 29, 2018. Dismissal Order, Hatter v. Clarke, No. 180703 (Va. Aug. 30, 2018) (ECF No. 14-2). The Supreme Court of Virginia dismissed Hatter's petition as untimely under Virginia Code § 8.01-654(A)(2) on August 30, 2018. Id. Hatter filed the instant petition on November 8, 2018.[1] Pet. 15.

Hatter seeks relief primarily on the ground of ineffective assistance of counsel. Pet. 3. He alleges his trial and sentencing attorneys provided him false information regarding his legal rights during the court proceedings in the Circuit Court of the City of Virginia Beach. See id. at 5, 13-14, 17-18. Hatter also alleges his sentencing attorney misinformed him regarding the right to appeal, and that he did not become aware of his right to appeal until encountering fellow inmates with the necessary legal knowledge at Lawrenceville in 2018. Id. at 13-14. Specifically, Petitioner contends his federal Petition for Writ of Habeas Corpus was timely filed because the statute of limitations did not begin to run until he learned of the factual predicate underlying his claim, which he asserts was in 2018.

The Government moved to dismiss Hatter's petition for failure to state a claim for relief under 28 U.S.C. § 2244 and 28 U.S.C. § 2254. Resp't's Mot. to Dismiss (ECF No. 12). Pursuant to

---

[1] An inmate's petition is deemed filed when delivered to the proper prison authorities. Houston v. Lack, 487 U.S. 266 (1988). Hatter executed the certification that the Petition for Writ of Habeas Corpus was placed in the prison mailing system on November 8, 2018. Pet. 15.

4

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Government properly provided notice to the pro sé Petitioner of the Government's motion to dismiss and of Petitioner's right to reply. Id. at 2; Resp't's Br. in Supp. of Mot. to Dismiss and Rule 5 Answer 10 (ECF No. 14). Hatter timely filed his Reply (ECF No. 16) and the matter is ripe for review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Hatter's Petition is Time-Barred.

Under 28 U.S.C. § 2244 (d)(1)(A)-(D), a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations which shall run from the latest of the date on which (A) the judgment becomes final; (B) any state-created impediment to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted;[2] or (D) the claim's factual predicate was or could have been discovered through due diligence. Although pro sé petitions should be "liberally construed," the Court cannot become "an advocate" by creating claims or allegations inadequately pleaded. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

---

[2] 28 U.S.C. § 2244 (d)(1)(C) is not addressed in this report because it is not at issue in Hatter's petition. His petition does not allege a newly recognized constitutional right underlying his claim which would give rise to a delayed limitation period under this section.

5

Hatter's petition and reply implicitly argue the statute of limitations should begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). He argues that only after his transfer to Lawrenceville in February 2018, where he encountered inmates with relevant legal knowledge, was he first able to discover the underlying factual predicate of his claim through due diligence. Pet'r's Reply 3. Hatter also alleges while at Wallens Ridge he was unable to obtain legal documents which would have revealed the underlying factual predicate of his claims. Id.

The Court cannot consider this correctional facility change as the latest possible date from which the statute of limitations began to run, because Hatter did not learn any new facts upon his transfer to Lawrenceville. Instead, he alleges only that he became acquainted with the legal rules regarding his appellate rights. It is well established that only a new factual predicate, not a new understanding of the legal consequences, will extend the limitation period under § 2241(d)(1)(D). See Whiteside v. United States, 775 F.3d 180, 183-84 (4th Cir. 2014) (holding factual predicate required for statutory tolling requires discovery of a new fact, but a legal rule or standard is not a fact).

Because Hatter cannot delay the running of the limitations period under § 2244(d)(1)(D), it began to run on the date his

6

"judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Hatter, that date was December 8, 2011, when the 30-day time for appealing his conviction expired.[3] And the federal limitation period expired one year later, on December 8, 2012.

Although filing a timely habeas petition with the State would have tolled the statute of limitations, a petition "untimely under state law" would not do so. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Hatter's state petition was not timely. Under Virginia Code Section 8.01-654, a state habeas corpus petition for a criminal sentence "shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Here, the latest possible date Hatter could have filed a petition for habeas corpus in Virginia state court was December 8, 2013. However, Hatter did not file his petition for writ of habeas corpus to the Supreme Court of Virginia until May 29, 2018, more than five years late. Hatter's petition to the Virginia Supreme Court was therefore not properly filed and did not toll the federal statute of limitations, which had also already expired on December

---

[3] Pursuant to Virginia Supreme Court Rule 5A:6, Petitioner had 30 days from November 8, 2011, the date the trial court entered Petitioner's sentencing order, to note his appeal to the Court of Appeals Virginia. This date would have been December 8, 2011, the date his right to note an appeal expired.

7

8, 2012. Therefore, Hatter's present petition is barred by the statute of limitations.

**B. Hatter Provided Insufficient Evidence to Warrant Equitable Tolling.**

While the goal of AEDPA is to "eliminate delays in the federal habeas review process," it is not intended to undermine "basic habeas corpus principles." Holland, 560 U.S. at 648-49. Therefore, while equitable tolling can exist under AEDPA, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). It is often a "'fact-intensive' inquiry" to determine whether an extraordinary circumstance exists which would warrant equitable tolling. See id. at 654 (quoting Gonzalez v. Crosby, 545 U.S. 524, 540 (2005) (Stevens, J., dissenting)). For example, in Holland the Court found evidence of extraordinary negligence but remanded for further fact-finding where the client repeatedly asked the attorney to respond and even conducted his own research to present to the attorney regarding the proper filing dates, yet the attorney never followed the client's suggestions. Id. at 652.

The Fourth Circuit limits equitable tolling to those rare circumstances when impediments external to the petitioner's conduct prevent a timely filing. See Whiteside, 775 F.3d at 184.

8

And in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. See Castillo v. Perritt, 142 F. Supp. 3d 415, 418 (M.D.N.C. 2015) (quoting United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)); see also Jones v. United States, 879 F. Supp. 2d 492, 496 (E.D.N.C. 2012). Neither is restricted access to a law library an extraordinary circumstance sufficient for equitable tolling. See Eastwood v. Clarke, No. 2:10CV512, 2011 WL 13192910, at *1 (E.D. Va. Apr. 27, 2011).

Here, Hatter simply alleges his lack of legal knowledge, combined with the heightened level of security at his initial detention facility, prevented him from timely realizing the appealability of his claim as well as the ability to file the present petition. Hatter began his sentence at Wallens Ridge in early 2012 but was moved to Lawrenceville in February 2018, where Hatter alleges he was first able to learn of the facts and legal arguments underpinning his habeas corpus petitions. More specifically, Hatter alleges his prior unfamiliarity with the law led him to believe his attorney's advice without question regarding the inability to appeal the Circuit Court of the City of Virginia Beach's decision. As set forth above, his unfamiliarity with the law and lack of immediate access to legal materials is insufficient to excuse Hatter's six-year delay in filing. Moreover, Hatter has presented no evidence he has diligently pursued his rights. Cf. McQuiggin v. Perkins, 569 U.S. 383, 391-92 (2013) (holding

9

Petitioner did not exercise due diligence by waiting six years to file federal habeas corpus relief).

### C. Hatter Provided Insufficient Evidence of Actual Innocence to Overcome the Time-Bar.

Petitioner may overcome a time-bar by making a credible showing of actual innocence. To do so, he must produce new reliable evidence sufficient to persuade the court no reasonable juror would have found him guilty beyond a reasonable doubt. McQuiggin, 569 U.S. at 386. Hatter has not asserted a claim for actual innocence or produced new reliable evidence on which such a claim could be premised.

### III. RECOMMENDATION

Hatter's claims are time-barred and he has not presented sufficient evidence to allow the court to consider his late filing. Therefore, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 12) be GRANTED and Hatter's Petition for a Writ of Habeas Corpus (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, see 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits and extra three (3) days, if service occurs by mail. A Party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

11

The Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and provide an electronic copy to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 31, 2019

12

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Timothy W. Hatter**
#1173445
Lawrenceville Correctional Center
1607 Planter Road
Lawrenceville, VA 23868

A copy of the foregoing was provided electronically this date

to:

**Victoria Lee Johnson**
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

July 31, 2019